**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | | |
|---|---|---|---|
| Eleonore Jasiorkowski, | ) | | |
| | ) | | |
| Plaintiff, | ) | | |
| | ) | | |
| v. | ) | No. | 12 C 3470 |
| | ) | | |
| Sunrise Credit Services, Inc., a | ) | | |
| New York corporation, | ) | | |
| | ) | | |
| Defendant. | ) | Jury Demanded | |

**COMPLAINT**

Plaintiff, Eleonore Jasiorkowski, brings this action under the Fair Debt Collection

Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), for a finding that Defendant's debt

collection actions violated the FDCPA, and to recover damages for Defendant's

violations of the FDCPA, and alleges:

**JURISDICTION AND VENUE**

1.    This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28

U.S.C. § 1331.

2.    Venue is proper in this District because: a) the acts and transactions

occurred here; b) Plaintiff resides here; and, c) Defendant transacts business here.

**PARTIES**

3.    Plaintiff, Eleonore Jasiorkowski ("Jasiorkowski"), is a citizen of the State of

Illinois, from whom Defendant attempted to collect a delinquent consumer debt allegedly

owed for a Talbots' credit account, despite the fact that she was represented by the

legal aid attorneys at the Chicago Legal Clinic's Legal Advocates for Seniors and

People with Disabilities program ("LASPD"), located in Chicago, Illinois.

4.     Defendant, Sunrise Credit Services, Inc., ("Sunrise"), is a New York corporation that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, delinquent consumer debts.  Defendant Sunrise operates a nationwide debt collection business and attempts to collect debts from consumers in every state, including many thousands of consumers in the State of Illinois.  In fact, Defendant Sunrise was acting as a debt collector as to the delinquent consumer debt it attempted to collect from Plaintiff.

5.     Defendant has failed to maintain authorization to conduct business in Illinois, see, record from the Illinois Secretary of State, attached as Exhibit A. Nonetheless, in fact, Sunrise conducts business in Illinois.

6.     Defendant Sunrise is, however, licensed as a collection agency in Illinois, see, record from the Illinois Division of Professional Regulation, attached as Exhibit B. In fact, Sunrise acts as a collection agency in Illinois.

**FACTUAL ALLEGATIONS**

7.     Ms. Jasiorkowski is a senior citizen, with limited assets and income, who fell behind on paying her bills, including a debt she allegedly owed to Talbots.  When Sunrise began trying to collect the Talbot's account from Mr. Jasiorkowski, by sending her a collection letter, dated January 26, 2010, she sought the assistance of the legal aid attorneys at the Chicago Legal Clinic's LASPD program, regarding her financial difficulties and Defendant Sunrise's collection actions.  A copy of Defendant Sunrise's collection letter is attached as Exhibit C.

8.     Accordingly, on February 11, 2010, one of Ms. Jasiorkowski's attorneys at

LASPD informed Sunrise, in writing, that Ms. Jasiorkowski was represented by counsel, and directed Sunrise to cease contacting her, and to cease all further collection activities because Ms. Jasiorkowski was forced, by her financial circumstances, to refuse to pay her unsecured debts.  Copies of this letter and fax confirmation are attached as Exhibit D.

9.    Nonetheless, Defendant Sunrise sent Ms. Jasiorkowski a collection letter, dated March 28, 2012, which demanded payment of the Talbots' debt.  A copy of this collection letter is attached as Exhibit E.

10.    Accordingly, on April 20, 2012, one of Ms. Jasiorkowski's LASPD attorneys had to write to Defendant Sunrise to again demand that it cease communications and cease collection of the Talbots' debt.  Copies of this letter and fax confirmation are attached as Exhibit F.

11.    Defendant Sunrise's collection actions complained of herein occurred within one year of the date of this Complaint.

12.    Defendant Sunrise's collection communications are to be interpreted under the "unsophisticated consumer" standard.  See, Gammon v. GC Services, Ltd. Partnership, 27 F.3d 1254, 1257 (7th Cir. 1994).

**COUNT I**
**Violation Of § 1692c(c) Of The FDCPA --**
**Failure To Cease Communications And Cease Collections**

13.    Plaintiff adopts and realleges ¶¶ 1-12.

14.    Section 1692c(c) of the FDCPA prohibits a debt collector from communicating with a consumer after a direction to cease communications, and from continuing to demand payment of a debt that the consumer has indicated that they

3

refuse to pay.  See, 15 U.S.C. § 1692c(c).

15.     Here, the letter from Ms. Jasiorkowski's attorney, LASPD, told Defendant Sunrise to cease communications and cease collections (Exhibit D).  By continuing to communicate regarding this debt and demanding payment (Exhibit E), Defendant Sunrise violated § 1692c(c) of the FDCPA.

16.     Defendant Sunrise's violation of § 1692c(c) of the FDCPA renders it liable for actual and statutory damages, costs, and reasonable attorneys' fees.  See, 15 U.S.C. § 1692k.

## COUNT II
## Violation Of § 1692c(a)(2) Of The FDCPA --
## Communicating With A Consumer Represented By Counsel

17.     Plaintiff adopts and realleges ¶¶ 1-12.

18.     Section 1692c(a)(2) of the FDCPA prohibits a debt collector from communicating with a consumer if the debt collector knows the consumer is represented by an attorney with respect to such debts and has knowledge of, or can readily ascertain, such attorney's name and address.  See, 15 U.S.C. § 1692c(a)(2).

19.     Defendant Sunrise knew that Ms. Jasiorkowski was represented by counsel in connection with her debt because her attorneys at LASPD had informed Defendant, in writing (Exhibit D), that she was represented by counsel, and had directed Defendant Sunrise to cease directly communicating with her.  By directly sending Ms. Jasiorkowski the March 28,  2012 collection letter (Exhibit E), despite being advised that she was represented by counsel, Defendant Sunrise violated § 1692c (a)(2) of the FDCPA.

20.     Defendant Sunrise's violation of § 1692c(a)(2) of the FDCPA renders it

liable for actual and statutory damages, costs, and reasonable attorneys' fees.  See, 15

U.S.C. § 1692k.

## PRAYER FOR RELIEF

Plaintiff, Eleonore Jasiorkowski, prays that this Court:

1.    Find that Defendant Sunrise's debt collection actions violated the FDCPA;

2.    Enter judgment in favor of Plaintiff Jasiorkowski, and against Defendant

Sunrise, for actual and statutory damages, costs, and reasonable attorneys' fees as

provided by § 1692k(a) of the FDCPA; and,

3.    Grant such further relief as deemed just.

## JURY DEMAND

Plaintiff, Eleonore Jasiorkowski, demands trial by jury.

Eleonore Jasiorkowski,

By: /s/ David J. Philipps_____
One of Plaintiff's Attorneys

Dated:  May 7, 2012

David J. Philipps     (Ill. Bar No. 06196285)
Mary E. Philipps     (Ill. Bar No. 06197113)
Philipps & Philipps, Ltd.
9760 S. Roberts Road
Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com